IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:19-CR-407-FL-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| RAEQUON JAMAL WALDEN, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's pro se motion for indigent copy of sentencing transcript (DE 61).

A free transcript may be provided to an indigent criminal defendant to bring a post-conviction action pursuant to 28 U.S.C. § 2255 "if the trial judge . . . certifies that the suit . . . is not frivolous and that the transcript is needed to decide the issue presented by the suit. . . ." 28 U.S.C. § 753(f); see United States v. MacCollum, 426 U.S. 317, 326 (1976). An indigent defendant must make a showing of a particularized need to obtain a free transcript. See, e.g., United States v. Hill, 34 F. App'x 942, 943 (4th Cir. 2002). An indigent defendant may not obtain a free transcript "merely to comb the record in the hope of discovering some flaw." United States v. Glass, 317 F.2d 200, 202 (4th Cir. 1963).

Defendant has not met the requirements for provision of a free transcript under § 753(f), because the court is unable to certify that a transcript is needed to decide an issue presented, given that judgment of conviction was filed March 31, 2021, revocation judgment was filed July 21, 2022, and the instant motion does not present any post-conviction claims or issues. Therefore, defendant's motion is DENIED. The clerk is DIRECTED again to provide petitioner information about the steps required to obtain a transcript at his own expense.

SO ORDERED, this the 19th day of December, 2022.

_____
LOUISE W. FLANAGAN
United States District Judge